IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, 1701 Rhode Island Ave. NW Washington, DC 20036<br><br>*Plaintiff,*<br><br>v.<br><br><br>U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue Southwest Washington, DC 20202<br><br>*Defendant.* | Case No. 23-cv-296<br><br>**COMPLAINT** |

### INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7. Foreign medical schools that participate in the Federal Direct Loan Program are required under 34 CFR § 600.55 to meet requirements that involve

calculating and submitting students' scores on the United States Medical Licensing Examination ("USMLE"). The scores must be disaggregated by step/test and attempt and must represent the scores earned by students and graduates during the preceding calendar year. These scores were the results of students and graduates completing the USMLE steps which included Step 1, Step 2-Clinical Skills (CS) and Step 2-Clinical Knowledge (CK).

8. 34 CFR 600.55(d)(1)(iii) requires all foreign medical schools to submit scores to the Department, disaggregated by step/test and attempt, earned during the preceding calendar year by each student and graduate, on Step 1, Step 2-CS, and Step 2-CK, of the USMLE, together with the dates the student has taken each test, including any failed tests. ***This data must be submitted to the Department by April 30 of each year***. *See* (GEN-22-01) Requirement for Foreign Medical Schools to Submit Scores for the United States Medical Licensing Examination (USMLE) Step 2-CS (Jan. 5, 2022), *available at:* https://fsapartners.ed.gov/knowledge-center/library/dear-colleague-letters/2022-01-05/requirement-foreign-medical-schools-submit-scores-united-states-medical-licensing-examination-usmle-step-2-cs.

9. This case concerns FOIA Request No. 23-00594-F (the "Request"), which seeks documents regarding the number of students attending the Saba University School of Medicine who sat for USMLE tests between 2015 and the present. The Request is relevant and important to advance the public's understanding of data related to the USMLE and foreign medical schools,

particularly as such schools heavily recruit students from the United States with the promise of Title IV funds. Records with the potential to shed light on USMLE data would contribute significantly to public understanding of the extent to which the Department's oversight is ensuring that foreign medical schools are operating in compliance with Title IV standards and regulations.

10. The Department's delay stands in stark contrast to the recently stated policy of the United States that the "[t]imely disclosure of records is … essential to the core purpose of FOIA," and that agencies should approach FOIA requests with a "presumption of openness." *See* U.S. Attorney General Merrick Garland, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines at 1, 3-4 (March 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.

**Student Defense's FOIA Request**

11. Student Defense submitted the Request on December 16, 2022. Specifically, the Request seeks:

1. All documents constituting, summarizing, or reflecting the total number of students attending the Saba University School of Medicine who sat for the USMLE Step 1 between 2015 and the present, broken down by year.

2. All documents constituting, summarizing, or reflecting the total number of students attending the Saba University School of Medicine who sat for the USMLE Step 2-CS between 2015 and the present, broken down by year.

3. All documents constituting, summarizing, or reflecting the total number of students attending the Saba University School of Medicine who sat for the USMLE Step 2-CK between 2015 and the present, broken down by year.

12. Student Defense stated that, for each of these requests, it was interested in the total number of students who sat for the test, not the total number or percentage who passed or failed it. Student Defense also stated that in lieu of documents, it would accept a chart or description providing the requested information.

13. On December 19, 2022, the Department acknowledged receipt of the Request and assigned it tracking number 23-00594-F.

14. On December 21, 2022, the Department updated the status of the Request to "In Process."

15. On January 4, 2023, the Department granted Student Defense's request for a fee waiver.

16. On January 12, 2023, Student Defense requested a status update and did not receive a response.

17. On January 19, 2023, Student Defense received an interim response letter from the Department stating that "[d]ue to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement."

18. Student Defense has not received any further communication from the Department regarding the Request.

**Exhaustion of Administrative Remedies**

19. As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding the Request, including

the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20. Through the Department's failure to respond to the Request within the period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

21. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. Student Defense properly requested records within the Department's possession, custody, and control.

23. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

24. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request.

25. The Department's failure to conduct adequate searches for responsive records violates FOIA.

26. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to the Request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

27. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. Through the Request, Student Defense properly requested records within the Department's possession, custody, and control.

29. The Department is an agency subject to FOIA and must therefore release any non-exempt records in response to the Request, and provide a lawful reason for withholding any materials.

30. By failing to produce documents responsive to the Request, the Department is wrongfully withholding non-exempt agency records.

31. The Department's failure to provide all non-exempt responsive records violates FOIA.

32. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to the Request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to uncover all records responsive to the Request;

2.     Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3.     Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the Request;

4.     Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.     Grant Student Defense such other relief as the Court deems just and proper.

Dated: February 2, 2023                            Respectfully submitted,

*/s/Alexander S. Elson*
Alexander S. Elson
D.C. Bar No. 1602459
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington D.C. 20036
alex@defendstudents.org
(202) 734-7495